The clause of the act upon which this plea is grounded is in the act of 1782, ch. 11, sec. 2. It directs "That no writ shall be served by the sheriff unless he has a copy of the bill ready to deliver to the defendant; and he is hereby required to deliver the said copy immediately after the service of the said writ; nor shall any service be valid unless it be made at least ten days before the term at which the defendant is required to appear; and where the service is by subpoena, (287) the defendant shall be served with a copy of the bill at least ten days before such term: in failure of any of which requisitions the defendant may plead the matter in abatement, and the bill shall be dismissed." The intent of this clause is to allow the defendant ten days time to consider of the defense proper for him to make, to employ the necessary counsel, and draw his answer, plea or demurrer. The Legislature supposed that all these things could not be done in a shorter time in most cases; and this time they have secured to him under the penalty of a dismission of the plaintiff's bill in case of an attempt to shorten the time allowed by law. The mischief intended to be avoided is that of forcing the defendant to make a defense before he has time to prepare for it. These provisions are similar to those made for a similar purpose in the act of 1777, ch. 2, sec. 14, where process at law, returnable to the Superior Court, is directed to be executed ten days before the beginning of the term, and if otherwise executed, that it shall be adjudged void upon the plea of the defendant. And in section 74 of the same act, where process returnable to the county court is directed to be executed at least five days before the return thereof, and if executed at any other time, that it may be abated on the plea of the defendant. These several clauses being all intended for the same purpose, it is proper that the construction put upon them should be uniform. Now it has never been deemed to be the meaning of the clauses in the act of 1777 that process issued in time to the sheriff, and returned unexecuted, should be abated by the plea of the defendant, but an alias issues. The process is only abatable under the operation of these clauses where it hath been executed within the times prescribed, or, in other words, where it has been served in less than ten or five days before the commencement of the term. As the inconvenience arising from shortness of time was that only which was intended to be avoided by the act of 1782, and is no greater in an equity suit than in a *Page 229 
suit at law, there can be no reason why a nonexecution of process by the officer in the former case should subject the plaintiff to a dismission of his suit any sooner than it will subject the plaintiff to an abatement of his suit in the latter, especially as the expression of the acts in both cases is confined to a service of process within the ten days, and not to a nonexecution of process before the term. The words of the act of 1782 are, "Nor shall any service be valid unless it be made at least (288) ten days before the term." The act here speaks of service actually made, and says it shall be invalid if not made a certain time before the term. It says nothing of the case of a nonexecution of process. The words of 1777, sec. 14, are, "And shall be executed at least ten days" before the beginning of such term. The words of sec. 74 are, "And shall be executed at least five days before the return thereof" — all expressive of the same thing, namely, a service within the time, or a shorter time, before the next term than the act directs.
Were this plea allowed it would establish the doctrine that whenever a defendant in equity could be apprised of a bill filed, and process taken out, he might, by withdrawing or concealing himself from the sheriff until the arrival of the term, cause a dismission of the plaintiff's bill; though, were it an action at law, the consequence would be otherwise. It would also establish this other equally absurd doctrine, that an officer by neglecting to serve an equity process might subject the plaintiff to a dismission of his suit and costs, when the same neglect in process at law would produce no other inconvenience to the plaintiff than delay. But surely it could never be the intent of the act of 1782 to make the plaintiff's suit in equity depend for its continuance in court either upon the pleasure of the officer or the honesty or the generosity of the defendant; neither could the act mean to dismiss the suit unless for some irregularity prejudicial to the defendant, which the nonexecution of process upon his is not, for that has only the effect of giving him longer time, and is an advantage to him. Moreover, the defendant is to take advantage of the irregularity or failure mentioned in the act by pleading it in abatement, both by the act of 1782 and the clauses in the act of 1777; but the rule is well known that a defendant cannot plead until he is called into court for that purpose by a service of process, unless he appears voluntarily, and the plaintiff will accept of such appearance. This evinces the meaning of the act to be that the plea in abatement is to be by a person served with process, and for an irregular service of process, not a pleading by a person not served with process at all, and who for that reason in legal contemplation is not in court. It points directly to the case of process actually served, but within ten days next before the term. This plea does not disclose that case, but another, a total nonexecution of process, which *Page 230 
is to be remedied by a continuation or reissuing of process, and cannot, according to the true meaning of this act, cause a dismission of the suit. So the plea was overruled.
Cited: Worthington v. Colhane, 4 N.C. 166; Governor v. R. R.,38 N.C. 471.
(289)